Argued and submitted February 19, 2013, affirmed February 12, petition for review denied August 7, 2014 (355 Or 880)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN GERARD NUGENT,
*Defendant-Appellant.*

Multnomah County Circuit Court
101051017; A147737

323 P3d 289

David Sherbo-Huggins, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Anna M. Joyce, Solicitor General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Christina M. Hutchins, Senior Assistant Attorney General.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Schuman, Senior Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant, who was convicted after a jury trial of one count of second-degree criminal trespass, ORS 164.245(1), appeals, assigning error to the giving of a uniform jury instruction that he asserts relieved the state of proving an element of the offense. He seeks to have his conviction set aside and the case remanded for a new trial. We conclude that, even if the court erred in giving the instruction, the error does not require reversal. We therefore affirm defendant's conviction.

The facts are largely undisputed. Defendant was discovered sleeping in a sleeping bag on property along the Willamette River belonging to Zidell Marine Corporation. The property was marked with "no trespassing" signs and was enclosed on three sides by a chain link fence and barbed wire. Only the side along the Willamette River was not fenced. Defendant testified that he reached the property at night on an established trail from a paved walkway.

Defendant was charged with second-degree criminal trespass, ORS 164.245(1)(a), based on his presence on Zidell's property. A person commits that offense "if the person enters or remains unlawfully *** in or upon premises." ORS 164.245(1). ORS 164.205(3)(a) defines "to enter or remain unlawfully" as "[t]o enter or remain in or upon premises when the premises, at the time of such entry or remaining, are not open to the public or when the entrant is not otherwise licensed or privileged to do so." The charging instrument alleged that defendant "did unlawfully and knowingly and recklessly enter and remain in and upon" the Zidell property.

At trial, the state put on evidence that the Zidell property was not open to the public and that defendant did not have permission to be there. Defendant did not contradict that evidence. His defense was that he went to the property to sleep with the purpose of helping a friend and that, given the configuration of the property, the path to it, and the placement of the no trespassing signs, a reasonable person in defendant's circumstances would have thought that the property was open to the public.

The trial court gave Uniform Criminal Jury Instruction (UCrJI) 1900, which defines "to enter or remain unlawfully" in the same terms as the statute.[1] Defendant objected to the instruction, contending that, despite following the language of the statute, the instruction was erroneous under this state's case law, in particular *State v. Hartfield*, 290 Or 583, 624 P2d 588 (1981), and *State v. Collins*, 179 Or App 384, 39 P3d 925, *rev dismissed*, 334 Or 491 (2002).

In *Hartfield*, the Supreme Court held that, where one is permitted or invited to enter premises not open to the public, to prove an unlawful entry under ORS 164.205(3)(a), the state must prove that the person giving permission was without actual authority to do so, and that the entrant knew or believed that there was no actual authority. 290 Or at 595. In *Collins*, this court concluded that, consistently with *Hartfield*, to prove the offense of criminal trespass when premises are not open to the public at the time of entry, the state *also* had to prove that the entry was not otherwise licensed or privileged. 179 Or App at 393. As we understood *Hartfield*, the "or" in ORS 164.205(3)(a) must be construed as the conjunctive "and."

In this case, defendant argued below that, as we held in *Collins*, to prove second-degree criminal trespass under ORS 164.205(3)(a) when premises are not open to the public, the state must prove *both* that the premises were not open to the public *and* that the entry was not otherwise licensed or privileged. 179 Or App at 393. Defendant contended that UCrJI 1900 misstated the law.[2]

---

[1] UCrJI 1900 provides, in part:

"Enter or remain unlawfully—(a), to enter or remain in or on premises when the premises at the time of such entry or remaining are not open to the public or when the entrant is not otherwise licensed or privileged to do so."

[2] Defense counsel argued to the trial court:

"I realize that this is a direct quote from the statute, but it does misstate the law as it currently stands. 'The premises are not open to the public or whether the entrant is not otherwise licensed or privileged to do so.'

"The Court of Appeals and the Supreme Court have both held that that 'or' is actually an 'and,' that the State has to prove both that the premises are not open to the public and that the entrant is not otherwise licensed or privileged to do so."

The trial court overruled defendant's objection to UCrJI 1900, and explained why outside the presence of the jury:

"I believe that the uniform instruction is an accurate statement of law.

"I do not believe that the State is always required to prove both portions in that statute. There are times certainly when a premises is open to the public, yet a person is committing Criminal Trespass because they are not licensed or privileged to be there. And there are times when a premises is not open to the public * * * but yet they are licensed or privileged to be there, so the State is not required to prove both."

Defense counsel subsequently asked that the state be required to elect the theory of trespass that it planned to pursue—entering and remaining on private property not open to the public *or* entering on property without a license. The prosecutor argued that he should not be required to make an election, because "either way I think there's evidence in the record to support it[.]" The trial court ruled that the state was not required to elect a particular theory of trespass. The jury convicted defendant.

On appeal, defendant contends that, in light of *Hartfield* and *Collins*, the trial court erred in instructing the jury that it could convict defendant of criminal trespass if it found *either* that the premises were not open to the public *or* that the entry was not otherwise licensed or privileged, when the case law required the jury to find both facts.

We review the sufficiency of jury instructions for errors of law. *State v. Barnes*, 329 Or 327, 986 P2d 1160 (1999). In determining whether the trial court erred in giving a particular instruction, "we read the instructions as a whole to determine whether they state the law accurately." *State v. Woodman*, 341 Or 105, 118-19, 138 P3d 1 (2006) (no error when instructions, read as a whole, accurately reflect statutory requirements). The giving of an erroneous instruction amounts to reversible error if it caused prejudice, *i.e.*, if "the instruction probably created an erroneous impression of the law in the minds of the [jury] which affected the outcome of the case." *Waterway Terminals v. P. S. Lord*, 256 Or

361, 370, 474 P2d 309 (1970); *Maas v. Willer*, 203 Or App 124, 129, 125 P3d 87, *rev den*, 340 Or 411 (2005). In determining whether an error in instructing the jury probably affected the outcome of the case, the court considers the instructions as a whole, in light of the evidence at trial and the parties' theories of the case. *State v. Lopez-Minjarez*, 350 Or 576, 578, 260 P3d 439 (2011) ("To assess whether the error in instructing the jury could have affected the jury's verdict on the various charges involved, * * * it is important to describe both sides' respective evidence and theories of the case.").

As noted, it is undisputed that the Zidell property was not open to the public, and defendant never contended that he was licensed or had permission to be on the Zidell property; defendant's theory was that he did not reasonably know that the Zidell property was private property. Defendant asserts that UCrJI 1900 nonetheless allowed the jury to find him guilty if the jury found *either* that defendant knew that the premises were not open to the public *or* that defendant knew he was not licensed or privileged to be there; contrary to *Collins*, defendant contends, the instruction did not require the state to establish both elements. In other words, defendant contends, if the jury found that defendant knew he was not licensed or privileged to be on the property, the jury could convict defendant without also finding that defendant knew that the premises were not open to the public. Conversely, if the jury found that defendant knew that the premises were not open to the public, the jury could convict him without also finding that defendant knew he was not licensed or privileged to be there. In that sense, defendant contends, the giving of UCrJI 1900 was erroneous, because it relieved the state from proving both circumstances. *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (it is error not to instruct the jury on all elements of the crime).

The state does not concede that UCrJI 1900 was erroneous, nor does the state assert that the instruction alone was a correct statement of the law. Rather, the state argues that whether defendant had permission was never in contention; indeed, the uncontradicted evidence was that he

did not have permission to be on the premises. Defendant's theory was that the premises reasonably appeared to be open to the public. The state's theory was that, under the circumstances, no reasonable person could have believed that the property was open to the public. The state points out that, in closing argument, the prosecutor focused on whether, as charged, defendant recklessly entered property not open to the public:

> "Now, recklessly means that when [defendant] entered, he was aware of a substantial and unjustifiable risk that that premises was not open [to] the public, that he consciously disregarded that risk and went in anyway.

> "Now, the judge also instructed you on what it means to be open to the public. And basically to paraphrase *** what it means is would a reasonable person, looking at what [defendant] looked at that night, understand the property not to be open to the public."

The prosecutor then described the evidence that supported a finding that defendant knew that he was trespassing on private property. The prosecutor made no mention of the evidence that defendant did not have permission to be on the property.

Defendant's theory, in response, was that, in light of the attributes of the property, he reasonably believed that the premises were open to the public. Defense counsel's closing arguments focused on that issue as well.

The state points out that the jury instructions also emphasized the question whether a reasonable person would believe that the property was open to the public. The jury was instructed that premises "open to the public" are "[p]remises that by their physical nature, function, custom, usage, notice or lack thereof or other circumstances at the time would cause a reasonable person to believe that no permission to enter or remain is required." Under that instruction, the state contends, the jury would have acquitted defendant if it had believed defendant's claim that he reasonably believed, because of the nature of the property, that he did not need permission to enter or remain. The state asserts, further, that it is unlikely that the jury convicted defendant on the basis that he was not licensed or privileged to be on

the property and ignored the question whether the property was open to the public, because defendant was charged with having "recklessly" entered upon the property, and the recklessness instruction related only to defendant's knowledge that the premises were not public.[3] Finally, the state asserts that, read as a whole, the instructions adequately apprised the jury of the legal requirements for finding defendant guilty of second-degree criminal trespass, and the jury could not reasonably have believed that it could convict defendant if the state proved only that defendant was not licensed or privileged to be on the property.

Defendant responds that, even if the jury found that defendant reasonably believed the property to be open to the public, under the instructions given, it could have convicted him based on the evidence that he did not have a license or privilege to be there.

We need not decide whether the "enter or remain" instruction was erroneous, because we agree with the state that, for the reasons the state cites—the evidence presented at trial, the legal theories asserted, and the jury instructions as a whole—there is no reasonable likelihood that the jury mistakenly believed that it could convict defendant without finding that defendant knew or should have known that the property was not open to the public. That was the entire focus of the state's case and defendant's defense. We conclude for that reason that, in the context of all of the jury instructions, the single instruction would not have misled the jury to decide the case on an incorrect theory and that any error in giving the instruction was harmless and does not require reversal of defendant's conviction for criminal trespass.

Affirmed.

---

[3] The complaint charged that defendant did "recklessly enter and remain in and upon" the premises. The instruction told that jury that "recklessly" "means that the person is aware of and consciously disregards the substantial and unjustifiable risk that Zidell Marine Corporation's property is not open to the public."